# JONATHAN SAVELLA

ATTORNEY AT LAW
810 Seventh Avenue, Suite 620
New York, NY 10019

646-801-2184                                                                                              jonathan.savella@gmail.com

November 29, 2019

**BY ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *United States v. Gershman*, No. 16-cr-553

Dear Judge Cogan:

  Please accept Defendant Gershman's response to the November 14 Addendum to the Presentence Report. In addition to updating the Guidelines to reflect the reversal of Gershman's 18 U.S.C. § 924(c) conviction, the Addendum attempts to resurrect the four-level leadership enhancement that this Court struck down at Gershman's aborted sentencing on July 8. The enhancement's revival flouts the law of this case and our circuit; it cannot stand.

  The Court will recall that the Guidelines divide Gershman's various convictions into eleven groups of "[c]losely [r]elated" racketeering acts and substantive counts. U.S.S.G. § 3D1.1; *see* PSR ¶¶ 103-115. In its initial calculation, the Probation Department applied leadership enhancements to each group (PSR ¶ 116), citing *U.S. v. Ivezaj* for the proposition that a "role adjustment is to be made on the basis of the defendant's role in the overall RICO enterprise." 568 F.3d 88, 99 (2d Cir. 2009). Gershman objected to the Department's characterization of his role and, after briefing and oral argument, the Court ruled that it would "not allow the enhancements." 7/8/19 Hearing Tr. 19:8.

  The Probation Department tries a new tack in the Addendum, adding the leadership enhancement to just one of the eleven offense groups. *Ivezaj* forbids this selective approach. The correct analysis – which considers Gershman's role "in the overall [] enterprise," *Ivejaz*, 568 F.3d at 99 – has, moreover, already taken place. This Court's decision "not [to] add the leadership enhancement" constituted the final word on the issue. 7/8/19 Hearing Tr. 19:19-20; *see U.S. v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (reminding us that "when a court has ruled on an issue, that decision should

Hon. Brian M. Cogan
November 29, 2019
Page 2

generally be adhered to by that court in subsequent stages in the same case") (internal quotation marks omitted).

Once the errant leadership enhancement – and the contingent "livelihood" add-on (Addendum at 7) – are deleted, the adjusted offense level for Group 11 drops from 38 to 32. Two additional levels are added in the multiple count analysis (*see* U.S.S.G. § 3D1.4), like so:

| **Group #** | **Offense Level** | **Units** |
|---|---|---|
| 1 | 22 | 0.0 |
| 2 | 22 | 0.0 |
| 3 | 22 | 0.0 |
| 4 | 22 | 0.0 |
| 5 | 22 | 0.0 |
| 6 | 22 | 0.0 |
| 7 | 21 | 0.0 |
| 8 | 25 | 0.5 |
| 9 | 26 | 0.5 |
| 10 | 21 | 0.0 |
| 11 | 32 | 1.0 |
| **Tota**l: | | **2** |

A total offense level of 34 results.

Adhering to its previous ruling, the Court should adopt the foregoing Guidelines analysis at Gershman's sentencing on December 3.

Respectfully,

/s/

Jonathan Savella

cc: All counsel (ECF)